# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DELIA MCCOY-MCMAHON,<br>Plaintiff | :<br>:<br>: |
| v. | :<br>: |
| J. CARLTON GODLOVE, II, BRIAN R. KELLY, PATRICK M. MCCOY, LEWIS J. MCCOY, JR.,<br>Defendants | : CIVIL ACTION NO:<br>:<br>:<br>:<br>: |
| And | :<br>: |
| SPOTTS, STEVENS & MCCOY,<br>Derivative Defendant | : |

## NOTICE OF REMOVAL

Defendants J. Carlton Godlove, II, Brian R. Kelly, Patrick M. McCoy, and Lewis J. McCoy, Jr. (the "Individual Defendants) file this Notice of Removal pursuant to 28 U.S.C. §1441 based on the District Court's jurisdiction under 28 U.S.C. § 1331 and states:

1. The Individual Defendants exercise their rights under 28 U.S.C. §1441 to remove this civil action from the Court of Common Pleas of Berks County, Pennsylvania, in which this action is now pending under the name of <u>Delia McCoy-McMahon v. J. Carlton Godlove, Jr., Brian R. Kelly, Patrick M. McCoy, Lewis J. McCoy, Jr. and Spotts, Stevens & McCoy</u>, C.C.P. Berks No. 08-14641, to the United States District Court for the Eastern District of Pennsylvania. Removal is proper because, as outlined below, this case contains a claim under the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. §§1961-1968 ("RICO").

2. Pursuant to 28 U.S.C. §1446, the Individual Defendants have attached as Exhibit A to this Notice of Removal the Plaintiff's Complaint filed under seal pursuant to court order on November 25, 2008 with the Court of Common Pleas of Berks County, Pennsylvania, No. 08-14641.

3. Plaintiff's Complaint alleges that the Individual Defendants are liable for federal racketeering activity in connection with their role as officers and directors of Defendant Spotts, Stevens & McCoy, Inc..

4. Because this action involves a federal statute, RICO, this Court has jurisdiction under 28 U.S.C. §1331, and this action may be removed without regard to the citizenship or residency of the parties or the amount in controversy.

5. The Court of Common Pleas of Berks County, Pennsylvania is a "state court" pursuant to 28 U.S.C. §1441(a). Therefore, removal from that court is appropriate.

6. Based on the foregoing, the Court has federal question jurisdiction over this action and removal is proper.

7. This Notice of Removal has been filed within thirty days of receipt of the Complaint by any Defendant, which was the first pleading setting forth the basis for the Court's jurisdiction.

8. Written notice of the filing of this Notice of Removal has been served on Plaintiff's counsel, and a true and correct copy of this Notice of Removal will be filed with the Prothonotary of the Court of Common Pleas of Berks County, Pennsylvania.

WHEREFORE, the Individual Defendants respectfully requests that this action be removed to this Court.

|  |  |
|---|---|
| Dated: December 24, 2008 | STEVENS & LEE<br><br>By: *[signature]*<br>G. Thompson Bell, III<br>Attorney I.D. No. PA 32649<br>Stacey A. Scrivani<br>Attorney I.D. No. PA 84275<br>111 N. Sixth Street<br>P.O. Box 679<br>Reading, Pennsylvania 19603-0679<br>(610) 478-2000<br><br>Attorneys for the Individual Defendants and Defendant Spotts, Stevens & McCoy, Inc. |

3

## **CERTIFICATE OF SERVICE**

I, Stacey A. Scrivani, Esquire, certify that on this date, I served a copy of the foregoing Notice of Removal on the following counsel of record by first class mail, postage prepaid:

>Jay W. Waldman
>Waldman Law Group, P.C.
>3 Park Plaza
>Wyomissing, PA 19610

Dated: December 24, 2008

_____
Stacey A. Scrivani